IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALFRED VALENTINO GARCIA,

        Plaintiff,

v.                                                                  No. CIV 09-1103 LH/LFG

STATE OF NEW MEXICO,
STATE OF NEW MEXICO'S CORRECTIONS
DEPARTMENT,
BILL RICHARDSON GOVERNOR,
JOE WILLIAMS SECRETARY OF CORRECTIONS,
UNIDENTIFIED CORRECTIONS PERSONNEL
AND CONTRACTOR'S,

        Defendants.

MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A, and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. He was granted indigent status in the state court proceeding. The removing Defendants paid the filing fee. Based on the information in the state court record, the Court will grant Plaintiff leave to proceed in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's federal claims and remand the complaint to the state court.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." Under § 1915A(b), "the court shall . . . dismiss the [prisoner] complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that in 2007, "through gross negligence and breach of fiduciary duty the defendants did deprive the plaintiff of his property . . . . without due process." The complaint contains no details about the incident. Plaintiff contends that Defendants' actions were intentional and malicious. In his motion to amend the complaint (Doc. 15), Plaintiff alleges that his radio was returned and he was partly compensated for the other items. Later, in 2009, he was placed in segregation and, again, certain items of property were lost and not returned to him. The complaint seeks damages.

The resolution of Plaintiff's claims that Defendants violated his Due Process protections by losing or destroying his property is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527, 538-39 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that a state has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because a state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the state failed or refused to provide an adequate post-deprivation remedy. *See Parratt*, 451 U.S. at 538-39; *Hudson*, 468 U.S. at 534.

Plaintiff's allegations do not fall under the converse rule that a § 1983 claim may be stated

if a property deprivation is "not 'random and unauthorized' but pursuant to 'an affirmatively established or de facto policy, procedure, or custom.' " *Abbott v. McCotter*, 13 F.3d 1439, 1442 n.3 (10th Cir. 1994) (quoting *Gillihan v. Shillinger*, 872 F.2d 935, 939-40 (10th Cir. 1989) (due process claim stated for seizure of account funds)); *and cf. Thomas v. N.M. Corr. Dep't*, 272 F. App'x 727, 729 (10th Cir. 2008) ("actions . . . in violation of CNMCF policy [are] . . . the sort of unauthorized or random actions governed by *Hudson* . . . and *Parratt*). Also here, as in *Hudson*, 468 U.S. at 534, because state tort remedies are available to redress the deprivation, Due Process was not violated even if the deprivation was intentional. The Court will dismiss Plaintiff's federal Due Process claims with prejudice.

Plaintiff also invokes the New Mexico Tort Claims Act as a basis for his claims. In view of the dismissal of the federal claims, the Court will decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), (c), of his state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c), (c)(3). Plaintiff's state law claims will be remanded to the state court.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed in forma pauperis;

IT IS FURTHER ORDERED that Plaintiff's claims of federal constitutional violations are DISMISSED with prejudice; otherwise the complaint is REMANDED to the First Judicial District Court for the County of Santa Fe.

_____
SENIOR UNITED STATES DISTRICT JUDGE